MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name (under which you were convicted): Alvin Edgeworth | Docket or Case No.: 15CR15 |
| Place of Confinement: Federal Medical Center Lexington, Ky. | Prisoner No.: 46704424 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. Alvin Edgeworth | |

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Everett McKinley Dirksen US Courthouse
219 S. Dearborn Str.
Chicago, IL 60604
   (b) Criminal docket or case number (if you know): 15CR15
2. (a) Date of the judgment of conviction (if you know): January 12, 2017

   (b) Date of sentencing: May 18 2017
3. Length of sentence: 108 months
4. Nature of crime (all counts):
Bank Robbery
Brandishing a Firearm

**FILED**

MAY 25 2018 KB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

1:18-cv-03683
Judge Charles R. Norgle, Sr.
Magistrate Judge Jeffrey Cole
(15cr15-1)

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☒
8. Did you appeal from the judgment of conviction? Yes ☒ No ☐
9. If you did appeal, answer the following:
   (a) Name of court: US Court of Appeals for the Seventh Circuit
   (b) Docket or case number (if you know): 17-2074
   (c) Result: Conviction Affirmed
   (d) Date of result (if you know): May 2, 2018
   (e) Citation to the case (if you know):
   (f) Grounds raised: Attached Next page.




   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒
      If "Yes," answer the following:
      (1) Docket or case number (if you know):
      (2) Result:

      (3) Date of result (if you know):
      (4) Citation to the case (if you know):
      (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐ No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

Question 9f:

I. The District Court Abused it's Discretion When it Denied Edgeworth's Motion to suppress.

II. The District Court Abused it's Discretion When it Failed to Order an Evidentiary Hearing Regarding Edgeworth's Motion to Suppress, Though it Contained Disputed Issue's of Material Fact.

III. The District Court Abused it's Discretion When it Seated Juror Sidirus without Inquiring into her Availability for Trial or Probing into her Commitments.

IV. The District Court Abused its Discretion When it Failed to Excuse Juror Sidirus after she Declared her Unavailability.

V. The District Court Erred in applying a Two-level enhancement to Edgeworth's sentence.

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1) First petition:     Yes ☐   No ☐
   (2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE:
The only conceivable defense/failing to investigate a factual defense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
My trial attorney did not investigate, my arresting chicago police officer, who wrote a report, stating that i found the item's involved in the robbery, the officer should have been my witness at trial, the officer would have testified he witness me find the item's, testify he saw me touch the item's, explaining why my DNA was recovered, also supporting my claim that the fbi physically coerced me to make a statement, this officer is solid proof that i didn't commit this crime, resulting in my acquittal.

(b) Direct Appeal of Ground One:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐  No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:
  New evidence can't be raised in a direct appeal.

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐  No ☒
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: I didn't file a motion, I believe this step is the only way to raise my issue's.

GROUND TWO:

Failing to file a proper Motion to Suppress

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My trial attorney did not attach an affidavit to the Motion to Suppress, stating detailed and specific facts that i expressed to him, about the f.b.i. physically coercing a statement from me, if he did, i would have had an evidentiary hearing and with my testimony + the chicago police officer/statement, it was a good probability a suppression of my statement, resulting in me being acquitted, because all of the evidence is corroborated by the police officer.

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: My appellate attorney can't raise ineffective assistance in my direct appeal.

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏  No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏  No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏  No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏  No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: <u>I didn't file a post conviction motion.</u>

## GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

  Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

  Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏ No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏ No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏ No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏ No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏ No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

The only conceivable defense / failing to investigate a factual defense. Failure to file a proper Motion to Suppress Reasons: I discovered at my status hearing, one week before my trial, that the Motion to suppress was filed incorrectly, I also discovered during my trial, Co-counsel showed me the report of the chicago police officer.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: M: Angel Cody 900 W. Jackson 7E Chgo. IL 60607

(b) At arraignment and plea: M: Angel Cody 900 W. Jackson 7E Chgo. IL 60607

(c) At trial: Joshua Adams + Alana DeLeon 53 W. Jackson #1428 Chgo IL. 60604

(d) At sentencing: Joshua Adams 53 W Jackson #1428 Chgo IL. 60604

(e) On appeal: Robert J. Palmer 4100 Edison Lakes Parkway #100 Mishawaka IN. 46545

(f) In any post-conviction proceeding: NoNe

(g) On appeal from any ruling against you in a post-conviction proceeding: NoNe

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

I respectfully request that my conviction be vacated + i be remanded for a new trial, to bring my witness.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on __May 21   2018__ (date).

_____Alvin L. Edgeworth_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

*[Handwritten annotation at top: pg 3 of the Appelant's Brief, the appellate attorney Robert J. Palmer's opinion of my post-arrest statement, that was coerced.]*

After his arrest, Edgeworth was taken back to the bank for on-site in-person identification. (TR. at 178, 239.) No one in the bank identified Edgeworth as the bank robber. (*Id.*) Edgeworth was then taken into custody. At some point after being in custody, agents from the Federal Bureau of Investigation interrogated him. (TR. at 393–394.) The questioning was recorded, but it is unknown whether all interactions between FBI officials and Edgeworth prior to and after the interview were recorded. (TR. at 394, 397.) During the recorded interview, the FBI officials informed Edgeworth that they already knew what happened on the day of the bank robbery. (TR. at 396–397, 401.) They proceeded to ask him what happened, to which he responded vaguely. (TR. at 400.) Then, the FBI agents asked Edgeworth questions about the robbery, including inquiring into where the bank was located, what color the gun was, and what was said to the bank teller. (TR. at 400–405.) To these questions, Edgeworth either gave wrong answers (saying the gun was black, when it was silver) or said that he could not recall the answers to the questions. (*Id.*) He did acknowledge the answers the agents gave him. (*Id.*)

After the interrogation, Edgeworth asserted that the FBI agents physically assaulted him and told him that if he did not cooperate with the FBI he would go to prison for a very long time. (App. at 34.) Based on the uncertainty of what happened before and after the recorded interview, on July 29, 2016 Edgeworth's attorney filed a Motion to Suppress Edgeworth's statements and requested an evidentiary hearing. (App. at 33.) Edgeworth's Motion to Suppress was denied and an evidentiary hearing was not held.

3

Pg G.App. 5th of the Prosecutor's Brief The Transcript of Proceedings on Jan. 3 2017 "proof of No affidavit" by my trial attorney

Case: 1:18-cv-03683 Document #: 1 Filed: 05/25/18 Page 16 of 17 PageID #:16

Case: 17-2074 Document: 32 Filed: 03/22/2018 Pages: 42

5

1  allegations and moving papers are sufficiently definite,
2  specific, non-conjectural and detailed enough to conclude
3  that a substantial claim is presented and that there are
4  disputed issues of material fact which will affect the
5  outcome the of motion."
6        Here, without the sworn affidavit attesting under
7  penalty of perjury, all we have is conjecture and naked
8  allegations.  And for those reasons under the existing case
9  law in the Circuit defendant hasn't met his threshold showing
10 to warrant further proceedings.
11        THE COURT:  Mr. Adams, what is your reply?
12        MR. ADAMS:  Reply, Judge, that the issues raised by
13 Mr. Edgeworth in the motion itself gives rise to questions of
14 fact as to what occurred at the time of Mr. Edgeworth's
15 arrest before the videotape starting rolling.  And we think
16 that based on those statements Mr. Edgeworth has met his
17 burden to create a question of fact that would necessitate an
18 evidentiary hearing.
19        THE COURT:  All right.  I have read the
20 Government's response to the Government's motion to suppress
21 and have read or are familiar with the cases cited by the
22 Government.  The defendant has presented nothing whatsoever
23 to support his motion to suppress.  He has not made even a
24 prima facie showing of illegality.  The McGaughy case I
25 believe was my own.  And the Government in its memorandum has

1  very appropriately cited it as case law authority.

2  The motion to suppress is denied.

3  As to the motions in limine, if you want me to rule
4  on them now -- or are you trying to work them out by
5  stipulation?

6  MR. DANIEL: Not by stipulation, your Honor. The
7  Government's motions primarily go to arguments that would go
8  towards jury nullification.

9  THE COURT: Well, that -- I doubt that Mr. Adams
10  would oppose that motion. He does not intend to argue jury
11  nullification. Is that right?

12  MR. ADAMS: That's correct, your Honor, I do not.

13  THE COURT: Okay. What is the next one?

14  MR. DANIEL: Oh, I am sorry. The specific motions
15  are to preclude mention of non-pertinent traits of the
16  defendant's character during trial. So the --

17  THE COURT: Well, I will reserve ruling on that
18  one. It may well be -- and this remains to be seen, whether
19  he would even testify in the case. He has an absolute right
20  to remain silent. I have no idea if he will testify or not
21  testify. And so I will reserve ruling on what it is that he
22  may say or may not say with respect to character issues.

23  MR. DANIEL: Understood, your Honor.

24  THE COURT: All right. The next one.

25  MR. DANIEL: The next one is to preclude argument